BY THE COURT.
The law of Ohio concerning estray animals (29 O. L. 471) authorizes any person holding and possessing lands in the state by deed, title bond, or lease for more than three years, to take up estray animals, and provides:
That the taker-up shall within five days advertise in writing a description of the animal, with his age and marks, in the township where he resides:
If the estray be not claimed within twenty days after such advertisement, the taker-up must declare on oath before a justice of the peace, when and where he found the estray, and that his marks have not been altered:
The justice is required, at the expense of the taker up, to cause the estray to be described, and appraised by freeholders, and in case of a horse creature, to be advertised in a newspaper, to certify his proceedings to the clerk of the Court of Common Pleas and also advertised on the courthouse door.
If the owner make proof of his property, and pay the fees ■^advanced by the taker-up, one dollar for his reward, and [716 reasonable charges for keeping, to be assessed by three freeholders nominated by a justice, he is entitled to the estray; but if he refuse to pay, the estray is to be sold by a constable at vendue, who out of the proceeds is required topaj,first, the taker-up his fees, charges and award for keeping; second, his own fees, and third, the residue to the owner.
But if no one claim the estray within a year, he is to be sold by a constable on a credit of nine months, for so much of the purchase money as shall ■ exceed the expenses as aforesaid and of sale, and take an obligation to the treasurer of the township, who is required to collect the same, and pay it over to the owner of the estray if applied for within three years.
*742 The law subjects the taker-up of an estray who shall abuse it by-working, riding, or neglecting to feed, so that he die or is lessened in value, to the suit of the owner, or trustees, and to damages to the full amount of the injury and costs, and in case of estray horses debars the taker-up who shall in any manner work or use him, from receiving any compensation for keeping. It also subjects every person, who shall neglect to perform any of the duties required by the act. or who shall pel-form them in a way contrary to the act, to a penalty of not less than one, nor more than one hundred dollars, to be recovered by action of debt, &c.
The real question to be decided is, whether the constable, who is called on by the taker-up of an estray horse to sell him, either when the owner demands him and refuses to pay the expenses, or where he is sold, no owner appearing after the lapse of one year, may withhold payment to the taker-up ? In both cases the law fixes the fees to be paid by and to the taker-up, and provides for a judicial assessment of the allowance for the keep of the animal, by the aid of a judicial tribunal, a justice and freeholders. If the taker-up of the estray abuse the animal, he is liable to suit, and to respond in damages, or for a penalty — if he use the animal at all, he forfeits his right to compensation for the keep. By Avhom is the forfeiture to be adjudged? by the judicial tribunal, or the constable, the executive officer? To alloAv a mere executive officer to look back of his process, and judge of the rights of parties, would be subversive of the first principles of justice, as it would also to allow the adjudication of a penalty or forfeiture at the will of an executive or other officer, without suit or day in court given to the party thus judged. If the justice and freeholders have been imposed upon, and have allowed compensation for keeping a horse when the taker-717] *up has used him, the remedy must be found in a resort to suit. An appeal does not lie from the justice and freeholders to the constable who executes their judgment. Nor has he, or any other executive officer, power at his own will and responsibility, to assume a state of facts contrary to his process, and thereupon chancer down the claims of a party, or refuse to comply with the precept in his hands.
The case before us does not show AAdiether the OAvner of the estray claimed him and refused to J3ay damages, or whether he forebore for a year to interpose a claim. We know not under which section of the law the horse was sold. The bill of exceptions shows that it was in proof theconstable acknowledged he had four dollars, belonging to the plaintiff for his expense in advertising, c&c. The forfeiture *743 for using a horse, in its broadest sense, only reaches the keeping, not ■the money paid out — it assumes the use .equal to the expense of keeping. The constable refused to pay what he had for advertising, <&c„ independent of the keeping — this, in any view, he has no right to retain,
It is true we do not know whether the whole evidence in the cause is set forth in the bill of exceptions, but there is enough there to show that the plaintiff should have had judgment, and we interpret the charge as laying down the law. for the defendant, as dothe counsel, and therefore reverse the judgment, with costs, and remand •the case for further proceedings.